UNTIED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF GULF | * | CIVIL ACTION |
| SOUTH MARINE TRANSPORTATION INC., AS | * | |
| OWNER AND/OR OPERATOR OF THE M/V CORKY | * | |
| IN A CAUSE OF ACTION FOR EXONERATION | * | NO. 10-3140 |
| FROM OR LIMITATION OF LIABILITY | * | |
| ITS APPURTENANCE, GEAR, TACKLE, ETC. | * | |
| | * | SECTION "B"(5) |

ORDER AND REASONS

Before the Court is a Motion for Leave to File Answer and Claim filed by C & J of Crown Point, LLC ("Crown Point") seeking an order granting leave of Court to allow Crown Point to file an Answer and Claim. (Rec. Doc. No. 27). Limitation Plaintiff has filed an opposition thereto at Rec. Doc. No. 32. For the reasons pronounced below,

**IT IS ORDERED** that Crown Point's Motion for Leave to File Answer and Claim (Rec. Doc. No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Limitation Plaintiff's Cross-Motion to Strike Claim and Answer of C&J of Crown Point, L.L.C. is **GRANTED**.[1]

I. *Causes of Action and Facts of Case*

This case arises from the March 8, 2010 collision of the M/V Corky, owned by Limitation Plaintiff, Gulf South Marine Transportation, Inc. ("Gulf South"), and the Dredge Buccaneer,

---

[1] We are grateful for the work on this case by Laura N. Buck, a Tulane University Law School extern with our chambers.

owned by Claimant, Crown Point.  (Rec. Doc. No. 1-1 at 2-3).  As a result of the collision, Crown Point alleges to have suffered property damage.  (Rec. Doc. No. 15).

Limitation Plaintiff filed a complaint on September 16, 2010 for exoneration from or limitation of liability pursuant to 46 U.S.C.A. §§ 30501-12 and pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for any loss, claim, injuries, destruction, or alleged damage caused by or resulting from the events on March 8, 2010.  (Rec. Doc. No. 1).  On September 28, 2010, the Court ordered that claims with respect to the Limitation Plaintiff's complaint be filed with the clerk of Court on or before March 11, 2011, or be defaulted, and entered an order restraining and staying:

> all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the complainant as aforesaid, or against the M/V Corky, except in this action.

(Rec. Doc. No. 3 at 2-4).  Thereafter, in accordance with this Court's Order, Limitation Plaintiff published Notice of the Limitation Proceeding in *The Times-Picayune* on October 14, 2010, October 21, 2010, October 28, 2010, and November 4, 2010.  *See* Notice of Proof of Publication (Rec. Doc. No. 4-1).  Limitation

Plaintiff also sent a copy of the Notice and Limitation pleadings to Crown Point's office address via certified mail on October 18, 2010. (Rec. Doc. No. 13-1 at 8).

On March 4, 2011, over five months after entry of this Court's Order restraining and staying actions, Crown Point filed suit against Gulf South in the 24th Judicial District Court for the Parish of Jefferson. (Rec. Doc. No. 26-2). Subsequently, in the instant case, Crown Point filed an Answer to Complaint and Claim in Limitation on March 23, 2011, thirteen days after the default deadline. (Rec. Doc. Nos. 14, 15). On March 29, 2011, the Court issued an order specifically recognizing the parties that timely filed claims pursuant to the monition, and defaulting those entities, including Crown Point, that had not filed a claim in a timely manner. (Rec. Doc. No. 19 at 2).

Crown Point brings the instant Motion for Leave to File Answer and Claim seeking an order declaring that Crown Point's March 23, 2011 claim is timely and that Crown Point is not defaulted by the Court's Order and Reasons of March 29, 2011. (Rec. Doc. No. 27-1 at 2).

## II. *Parties' Contentions*

### A.    *Contentions of Claimant*

Crown Point contends that its Motion for Leave to File Answer and Claim should be granted as Crown Point never received actual notice of Limitation Plaintiff's complaint prior to March

3

23, 2011. (Rec. Doc. No. 27-1 at 2). Crown Point contends that the first notice Crown Point received of this proceeding was on March 23, 2011 by receipt of an email from Robert Diliberto, counsel for Crown Point for its state claim, informing counsel for Crown Point in the instant case that a Motion for Default Judgment had been filed in this matter. *Id.* at 1. Crown Point submits that it filed an Answer and Claim only a few hours after receiving actual notice of this proceeding. *Id.* at 2.

Furthermore, Crown Point contends that no member, manager, or employee of Crown Point received the correspondence dated October 18, 2010 that Limitation Plaintiff contends was mailed. (Rec. Doc. No. 27-2). Rather, Crown Point submits it was received by Jessica Ngyuen, who has never been a member, manager, or employee of Crown Point. *Id.* In support of this contention, Crown Point attaches to this motion an Affidavit of Cai Ngo, the manager and sole member of Crown Point. *Id.* at 1. Crown Point also maintains that Corey Dunbar has been the appointed registered agent of Crown Point since January 13, 2010 and has resided at 8311 Highway 23, Suite 104, Belle Chasse, LA 70037, since that date. *Id.* at 2, 6. Crown Point supports its contention that notice was not mailed to its registered agent by attaching to its motion the October 18, 2010 letter from Limitation Plaintiff addressed to 925 Behrman Highway, Suite 1, Gretna, LA 70056. (Rec. Doc. No. 27-2 at 4.)

B.     *Contentions of Limitation Plaintiff*

Limitation Plaintiff first contends Crown Point's motion should be denied because Crown Point has not provided a valid explanation as to why the claim was not timely filed. (Rec. Doc. No. 32 at 1).  Second, Limitation Plaintiff contends that Crown Point received actual notice of this proceeding through Limitation Plaintiff's newspaper publications.  *Id.* at 4. Limitation Plaintiff submits that it published Notice of the Limitation Proceeding in full compliance with the Court's Order, as required by Rule F of the Supplemental Rules for AMC of the Federal Rules of Civil Procedure.  *Id.*

Third, Limitation Plaintiff contends that Crown Point failed to establish that it was entitled to mailed notice of this proceeding as Crown Point has not produced any evidence that it filed a written notice of claim with Limitation Plaintiff.  *Id.* at 5.  Limitation Plaintiff points out that the Court's Order of September 28, 2010 required mailing notice to "every person *known* to have made any claim against" the Limitation Plaintiff in this matter.  *Id.*    Additionally, Limitation Plaintiff argues that despite the foregoing, Crown Point admits that the letter dated October 18, 2010 was received at Crown Point's office address. (Rec. Doc. No. 32 at 5).

Fourth, Limitation Plaintiff contends that Crown Point's arguments regarding alleged deficiencies in the mailing and

delivery of Notice to Crown Point are not supported by citation to legal authority and lack merit. *Id.* at 6. Finally, Limitation Plaintiff contends that counsel for Crown Point filed claims in this proceeding for other claimants, and his knowledge of this proceeding should be imputed to Crown Point. *Id.* at 7.

### III. *Law and Analysis*

A.      *Limitation of Liability Notice Standard*

The owner of a vessel may bring a civil action in a federal district court for limitation and liability within six months after a claimant gives the owner written notice of a claim. 46 U.S.C.A. §30511. Upon the owner's compliance with timely filing the complaint and depositing the required security:

> the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limiting, admonishing them to file their respective claims with the clerk of court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff, not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supplemental Admiralty and Maritime Claims Rule F(4). Claims shall be filed and served on or before the date specified in the notice of time for filing. Id. at F(5).

B.   *Filing of Late Claims in a Limitation of Liability Proceeding*

The Court may grant permission to file a late claim in a limitation proceeding if the potential claimant presents evidence showing the reasons justifying the late filing, and the rights of the parties are not adversely affected. *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963).   In *Texas Gulf*, a cargo owner sent written notice of a claim to the limitation plaintiff shortly after the limitation plaintiff's vessel sunk.   *Id.* at 360.   There, the limitation plaintiff published notice of time for filing claims in a newspaper and sent a copy of the notice to the claimant by registered mail. *Id.* at 361.   The notice was received by a receptionist at claimant's office.   *Id.*   There, the district court refused to allow the claimant to file a late claim in a limitation proceeding after the claimant was unable to explain why it did not file on time, and after other claimants demonstrated that inclusion of the late claims would result in considerable prejudice to their rights. *Id.* at 361-62.   The Fifth Circuit Court of Appeals held that there was no abuse of discretion in denying the cargo owner permission to file a claim after entry of the order of default.   *Id.* at 363.

In contrast to the receptionist that received the notice of time for filing by mail in *Texas Gulf*, here, a non-employee

received the notice. *Id.* at 361; (Rec. Doc. No. 27-2).   Crown Point argues that this difference should warrant granting its motion. (*See* Rec. Doc. No. 27-2). However, unlike the claimant in *Texas Gulf* that gave written notice to Limitation Plaintiff of a claim shortly after the accident, Crown Point did not give Limitation Plaintiff notice of a claim in this proceeding until after the deadline for filing. *Tex Gulf*, 313 F.2d at 360; (Rec. Doc. Nos. 14, 15). The Supplemental Admiralty and Maritime Claim Rules only require Limitation Plaintiff to mail a copy of the notice to every person *known* to have made any claim against Limitation Plaintiff. Supplemental Admiralty and Maritime Claim Rule F(4). Thus, Limitation Plaintiff was not required to mail notice of time for filing to Crown Point.

Regardless of whether Crown Point received notice through the mail, Crown Point received notice through newspaper publications. *See Dowdell v. U.S. Dist. Ct. for N. Dist. of Cal.*, 139 F. 444 (9th Cir. 1905). Because Limitation Plaintiff made publication of the notice in compliance with the rules and this Court's Order, the publication was considered "notice to all persons having any claims whether they received actual notice thereof or not." (Rec. Doc. No. 19 at 1); *Dowdell*, 139 F. at 446. The Ninth Circuit held that, "if [claimants] fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in

any other." *Dowdell*, 139 F. at 446.  Under this reasoning, Crown Point had notice of the time for filing through Limitation Plaintiff's newspaper publications.  *Id.*

Finally, Crown Point had knowledge of this proceeding prior to the deadline for filing claims because Crown Point's counsel had actual knowledge of this proceeding. (*See* Rec. Doc. No. 26-2). The attorney that represented Crown Point in its March 4, 2011 state claim against Gulf South also represents other claimants in this limitation proceeding who filed claims in this Court prior to the March 11, 2011 deadline.  *Id.*  The attorney-client relationship is an agent-principal relationship.  *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994).  Accordingly, information an attorney receives during the scope of his or her representation of a client will be imputed to that client even if the client does not have actual knowledge of that information. *See Hoover v. Wise*, 91 U.S. 308, 309 (1875); *Veal*, 23 F.3d at 725.  Thus, the knowledge of Crown Point's counsel should be imputed to Crown Point.  Therefore, Crown Point had notice of this proceeding prior to the filing deadline, and cannot provide reasons justifying late filing.

For the reasons stated herein, the instant Motion for Leave File Answer and Claim is denied and the Cross-

Motion to Strike Claim and Answer of C&J of Crown Point, L.L.C. is granted.

New Orleans, Louisiana, this 28th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE